IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BESSIE GODFREY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0196-WS-M |
| ) | |
| **MOBILE INFIRMARY MEDICAL** ) | |
| **CENTER,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On May 27, 2009, a Conditional Transfer Order (doc. 50) issued by the Judicial Panel on Multidistrict Litigation took effect. By its terms, that Conditional Transfer Order transferred this action to the United States District Court for the Northern District of Ohio, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 in *In re Heparin Products Liability Litigation*, MDL No. 1953.

That same Conditional Transfer Order separated and remanded back to this District Court all of plaintiff's medical negligence claims against defendants Mobile Infirmary Medical Center, Merita Clark, Cardiovascular Associates, P.C., Michael O'Dowd, M.D., Michael Damrich, M.D., and The Heart Group, P.C.[1] The court file reflects that all of the parties before this Court are Alabama citizens; therefore, not only is there no complete diversity of citizenship in this matter, but there is not even minimal diversity of citizenship. Moreover, plaintiff's claims against these defendants sound exclusively in state-law theories of negligence and wantonness, such that there

---

[1] The MDL Panel retained all claims by plaintiff against defendants Baxter International, Inc., Baxter Healthcare; Scientific Protein Laboratories, LLC, American Capital Strategies, Ltd., and Techpool Bio-Pharma, Co., Ltd. (collectively, the "Pharmaceutical Defendants"). Plaintiff's claims against the Pharmaceutical Defendants having been transferred to MDL proceedings in Ohio, they are no longer pending before the undersigned. Nothing in this Order is intended in any way to affect or adjudicate the jurisdictional status of those claims, much less to remand them to state court.

is no federal question jurisdiction presented here either.  Subject matter jurisdiction is thus clearly lacking under both 28 U.S.C. §§ 1331 and 1332.  Furthermore, every one of the parties now before the Court has moved to remand this action to state court for lack of federal jurisdiction.  (*See* docs. 14, 18, 25, 34.)  And none of the parties before the Court ever consented to federal jurisdiction or agreed to the removal of this action from state court in the first instance.  Thus, as now presented, this action involves exclusively state-law causes of action brought by and between non-diverse parties who neither asked nor consented to be in federal court.

In light of these circumstances, the parties' respective Motions to Remand (docs. 14, 18, 25, 34) are **granted** for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  This action is hereby **remanded** to the Circuit Court of Mobile County, Alabama, for further proceedings.

DONE and ORDERED this 12th day of June, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE